**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LUIS JAVIER CRUZ PEREZ,

    *Petitioner*,

v.              Case No. 3:25-cv-1533-WWB-MCR

SECRETARY KRISTI NOEM, et al.,

    *Respondents*.

_____/

## <u>ORDER</u>

  Petitioner, a detainee of the United States Immigration and Customs Enforcement ("**ICE**"), filed, with help from counsel, a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking, *inter alia*, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a).  (Doc. 1).  Petitioner alleges that: he is a citizen of Mexico who entered the United States near Sasabe, Arizona, on November 26, 2010.  (*Id.* at 9).  Upon entry, United States Department of Homeland Security ("**DHS**") issued a Notice to Appear ("**NTA**") charging Petitioner as "an alien present in the United States who has not been admitted or paroled" after inspection and initiated removal proceedings under 8 U.S.C. § 1229(a).  (*Id.* at 9–10).  DHS identified Petitioner as an "Unaccompanied Alien Child" and transferred him into the custody of Health and Human Services, Office of Refugee Resettlement, and on February 25, 2011, he was released into the custody of his mother.  (*Id.* at 10).  Petitioner then attended removal proceedings, but on August 28, 2015, his removal proceedings were administratively closed.  (*Id.*).  Petitioner later married a United States citizen; he now has two United States citizen children; and he is the beneficiary of an approved I-130 petition.  (*Id.*).  On November 17, 2025, Pinellas County Sheriff's Office

arrested Petitioner during a traffic stop, and following his arrest, ICE took custody of him and soon transferred him to Baker Correctional Institute where he remains detained. (*Id.* at 10–11). He raises two claims for relief: (1) ICE is unlawfully detaining him under 8 U.S.C. § 1225(b)(2)'s mandatory detention; and (2) ICE's mandatory dentition of him without a bond hearing violates his due process rights. (*Id.* at 11–12). He argues that his dentition should be governed by § 1226(a) and asks that the Court order Respondents to afford him a bond hearing. (*Id.* at 12).

Respondents filed a Response (Doc. 7), arguing that the Court lacks jurisdiction to entertain the Petition, and that in any event, the Petition lacks merit because Petitioner's detention is lawful under § 1225(b)(2).

Petitioner filed a Reply. (Doc. 8). Petitioner opposes Respondents' jurisdictional argument and concisely states the primary substantive issue for the Court's consideration is that § 1226(a) governs Petitioner's detention and even if § 1225 applied, due process requires individualized reviews for prolonged detention. (*See generally id.*).

In an Order issued on March 19, 2026, this Court addressed these same claims and arguments, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Dos Santos Lopes v. Sec'y, Dep't of Homeland Sec.*, No. 3:25-cv-1522-WWB-LLL, 2026 WL 776158, at *1 (M.D. Fla. Mar. 19, 2026).

As did the petitioner in *Dos Santos Lopes*, Petitioner here claims that his detention without a bond hearing violates the Immigration and Nationality Act ("**INA**"), along with its

implementing regulations, and the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 11–12). To the extent that Petitioner's claims and arguments are the same as those addressed in *Dos Santos Lopes*, for the reasons stated in that Order, this Court concludes that § 1225(b)(2)(A) governs Petitioner's detention. *See generally Dos Santos Lopes*, 2026 WL 776158, at *3–4; *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503–04 (5th Cir. 2026) (holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been admitted).

Petitioner also argues that Respondents' own records confirm that this case arises under § 1226 because the I-213 form reflects that ICE arrested Petitioner pursuant to a warrant or detainer. (Doc. 8 at 4–5 (citing Doc. 7-3)). But what is relevant here is the manner of Petitioner's entry into the United States. It is undisputed that he entered the United States illegally and without authorization. And because Petitioner entered the United States illegally and has not been admitted, he is an applicant for admission who is properly detained under § 1225(b)(2) as Respondents contend.

Likewise, although Petitioner encountered U.S. Border Patrol when he entered the country in 2010, that fact does not affect whether § 1225(b)(2)(A) or § 1226(a) applies to his detention: he is a noncitizen who has been living in the country for some time without having been admitted, and he has been detained for full removal proceedings. As such, Petitioner is lawfully detained under § 1225(b)(2)(A) and his claims fail. *See Buenrostro-Mendez*, 166 F.4th at 503.

Therefore, it is **ORDERED** and **ADJUDGED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.  The Clerk is **DIRECTED** to enter judgment, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on March 23, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:
Counsel of Record

4